UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUDOLPHO ENRIQUE JOUV'ERT,

                                   Plaintiff,

                   -against-

THE CITY OF NEW YORK, *et al.*,

                                   Defendants.

22-CV-6080 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendants violated his constitutional rights. By order dated July 20, 2022, the Court granted

Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For

the reasons that follow, the Court dismisses the complaint with leave to replead within 60 days of

the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Rudolpho Enrique Jouv'ert, who currently resides in a men's shelter in

Brooklyn, New York, brings this 215-page complaint with 29 pages of exhibits, purporting to

assert numerous constitutional claims. He names 71 Defendants, many of whom are not proper

parties in a civil rights action, and he alleges that the events giving rise to his claims occurred on

21 different dates in 13 different locations.

Plaintiff seeks monetary damages and injunctive and declaratory relief.

## DISCUSSION

Plaintiff's 215-page complaint is not short and plain, and therefore fails to comply with

Rule 8. The Court has closely scrutinized Plaintiff's lengthy complaint, and, despite the large

amount of information that Plaintiff presents, the Court is unable to discern the claims Plaintiff is

trying to assert against each named Defendant. The Court therefore dismisses the complaint for

failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Even if the Court could discern each claim Plaintiff is attempting to assert, his complaint

suffers from other deficiencies. Among the many Defendants Plaintiff names are the City of New

York; the New York City Department of Correction; Bellevue Hospital, which is part of the NYC

Health + Hospitals network ("H+H"); Big Bus, a private bus company, and its employees; a state

court judge; district attorneys for New York, Bronx, Kings, Richmond, and Queens counties;

New York County assistant district attorneys; the Legal Aid Society and one of its attorneys; and

men who are currently or formerly detained by the New York City Department of Correction. As

explained below, Plaintiff has not stated a viable claim against any of these Defendants. It also

does not appear that Plaintiff's claims against these Defendants, which arose on 21 different

dates in 13 different locations, were properly joined.[1]

---

[1] Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may not pursue
unrelated claims against multiple defendants. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154,
167 (S.D.N.Y. 2009). Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action
if: (A) any right to relief is asserted against them jointly, severally, or in the alternative arising
out of the same transaction, occurrence, or series of transactions . . .; and (B) any question of law
or fact common to all defendants will arise in the action. Although courts have interpreted Rule
20(a) liberally to allow related claims to be tried within a single proceeding, *Barr Rubber
Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that
Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in
the same lawsuit pursuant to Rule 20(a)," *Deskovic*, 673 F. Supp. 2d at 167; *Webb v. Maldanado*,
No. 3:13-CV-144 (RNC), 2013 WL 3243135, at *3 (D. Conn. June 26, 2013) ("Unrelated claims
against different defendants belong in different suits . . . to prevent the sort of morass" created by
a complaint with more than twenty defendants and countless unrelated claims.") (quotation and
citation omitted).

Rule 21 of the Federal Rules of Civil Procedure provides that "on its own, the court may
at any time, on just terms, add or drop a party. The court may also sever any claim against a
party." *Id.* In determining whether to sever a claim, the court considers "the two requirements of
Rule 20 and additional factors, including (1) whether severance will serve judicial economy;
(2) whether prejudice to the parties would be caused by severance; and (3) whether the claims
involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821,

**A.      Claims against the New York City Department of Correction and the City of New York**

To the extent that Plaintiff seeks to sue the New York City Department of Corrections, such claims must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Any claims that Plaintiff seeks to assert against the City of New York on the basis of the current pleading are also subject to dismissal. When a plaintiff sues the City of New York under Section 1983, it is not enough for the plaintiff to allege that one of the City of New York's employees or agents engaged in some wrongdoing. The plaintiff must show that the City of New York itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a claim against the City of New York under Section 1983, the plaintiff must allege facts showing (1) the existence of a City of New York policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's

---

826 (S.D.N.Y. 2008) (relying on *Laureano v. Goord*, No. 06-CV-7845, 2007 WL 2826649, at *8 (S.D.N.Y. Aug. 31, 2007)).

constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Because Plaintiff does not plead facts showing a constitutional violation, he has not provided the Court with any municipal claim against the City of New York to review.

**B.      Claims against Justice A. Drysdale, of the New York County Supreme Court, Criminal Term**

Inasmuch as Plaintiff seeks to assert claims against Justice A. Drysdale, of the New York County Supreme Court, Criminal Term, such claims are barred by judicial immunity. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Justice Drysdale acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Justice Drysdale for "acts arising out of, or related to, individual cases before [her]," she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Justice Drysdale because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

## C.   Claims against District Attorneys for New York, Kings, Richmond, Queens, and Bronx Counties, and New York County Assistant District Attorneys

The claims that Plaintiff seeks to assert against the against New York County District Attorney Alvin Bragg, Kings County District Attorney Eric Gonzalez, Richmond County District Attorney Michael McMahon, Queens County District Attorney Melinda Katz, Bronx County District Attorney Darcel Clark, and New York County Assistant District Attorneys Amber Strickland, Francisco Zornesa, and Kathleen Coulson are also subject to dismissal.[2] Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional

---

[2] To the extent that Plaintiff seeks to assert claims regarding events that occurred in Queens, Richmond, and Kings counties, it appears that venue for these claims is not appropriate in this court. Queens, Richmond, and Kings counties are located in the Eastern District of New York. *See* 28 U.S.C. § 112(c).

approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*, 555 U.S. at 344)).

To the extent that Plaintiff's claims against these Defendants are based on actions within the scope of Defendants' official duties, these claims are subject to dismissal because they seek monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

## D.    Claims against Private Defendants

Any Section 1983 claims that Plaintiff seeks to assert against the Legal Aid Society, Legal Aid Attorney John Geida, and 18-B Attorney Theodore Herlich, Open Top Sightseeing USA, Inc., Big Bus, Big Bus General Manager Charles Nolan, Big Bus employee James P. Hoffman, Big Bus bus operator Sakuar Mason, Big Bus employee Daniel Valladares, Big Bus ticket agent Frank Darko, Big Bus employee Johnny Morales, and DOC detainees: Rafael Esquilin, Francisco Jimenez, Miguel Vega, Devan Fulton, Miguel Delacruz, Bebe Osvaldo, Felix Rosario, Herbert Mercano, Amaido Zubidi, Antonio Aragon, John Arizabal, Raymond Sally, Dayquan Wheeler, Joseph Tryeletti, Yasser Feliz Collado, Chavis Chemar, Brandon Vines,

Phillip Tomlinson, Kenrick Jones, Clinton Martin, Jayson Smith, Tyshawn Ismael, Jamel Ingram, Michael Mims, and Keith McMullan are also subject to dismissal.

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of Section 1983). As these Defendants are private parties who are not alleged to work for any state or other government body, Plaintiff cannot state a claim against these defendants under Section 1983.

### E.    Claims against Bellevue Hospital

The Court construes Plaintiff's claims against Bellevue Hospital as against H+H because Bellevue Hospital is part of the H+H network of hospitals.[3] H+H is a public benefit corporation

---

[3] *See* https://www.nychealthandhospitals.org/locations/ (last visited December 19, 2022).

that is created by state law and may be sued. *See* N.Y. Unconsol. Laws §§ 7384(1), 7385(1).
When a plaintiff sues H+H under section 1983, it is not enough for the plaintiff to allege that
H+H's employees or agents engaged in some wrongdoing. The plaintiff must show that H+H
itself caused the violation of the plaintiff's rights. *See Connick,* 563 U.S. at 60. In other words, to
state a claim against H+H under section 1983, the plaintiff must allege facts showing (1) the
existence of an H+H policy, custom, or practice, and (2) that the policy, custom, or practice
caused the violation of the plaintiff's constitutional rights. *Jones*, 691 F.3d at 80 (2d Cir. 2012);
*Rookard v. Health & Hosp. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983) (applying standard for section
1983 municipal liability to H+H).

Plaintiff has alleged no facts suggesting that a policy, custom, or practice of H+H caused
a violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims
under section 1983 against Bellevue Hospital for failure to state a claim on which relief may be
granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## F.     Claims against Bellevue Hospital employees

Because H+H is a municipal corporation, its employees qualify as government actors for
the purposes of § 1983. *See Rookard v. Health and Hosps. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983);
*Mejia v. NYC Health & Hosp. Corp.*, No. 16-CV-9706, 2018 WL 3442977, at 5 (S.D.N.Y. July
17, 2018).

To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured
by the Constitution or laws of the United States was violated, and (2) the right was violated by a
person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48–49
(1988). Private parties are therefore not generally liable under the statute. *Sykes v. Bank of
America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch.
Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307,

323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Plaintiff's complaint, however, fails to allege how Bellevue Hospital employees – Dr. Marko Bukur, Dr. Benjamin Medino, Dr. Gillian Baptiste, Dr. Janelle Lambert, Dr. Nathanael Sabbah, Dr. Mark Kaminetzky, Dr. Jejurikar Neha, Dr. Michael Ceplin, Dr. Inna Leybell, Dr. David Roccaforte, Dr. Leo Natharvael, Radiologist Barry S. Leitman, Dr. Leandra Krorvsoski, Registered Nurse Cynthia Santiago, and Senior Associate Director of Health Information Management Sonia Davidson – violated Plaintiff's rights as secured by the Constitution or laws of the United States. Although Plaintiff names these Bellevue Hospital employees as Defendants, he fails to offer accompanying facts about how they each violated his constitutional rights. He therefore fails to state a claim against these Defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## G.    Claims against C.O. Paul

Plaintiff names Correctional Officer Paul in the complaint but does not state what claims he seeks to bring against him.  Nevertheless, because Plaintiff alleges that he was assaulted by other detainees while he was detained at Rikers, the Court construes Plaintiff's allegations as asserting a failure to protect claim against C.O. Paul.

To state a failure-to-protect claim, a pretrial detainee must allege that (1) another detainee or other detainees "pos[ed] a substantial risk of serious harm" to him, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); and (2) that a correctional employee defendant "acted intentionally to impose the alleged [risk of harm], or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the [ ] detainee even though the defendant-official knew, or should have known, that the [other inmate(s)] posed an excessive risk to [the plaintiff's] health or

safety," *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017) (relying on *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)).[4]

Plaintiff does not allege any facts showing that C.O. Paul "acted intentionally to impose" the risk of harm or "recklessly failed to act with reasonable care to mitigate the risk." *Id.* at 35. The Court cannot infer from Plaintiff's allegations that C.O. Paul was deliberately indifferent to his health or safety by failing to take reasonable measures to protect him. Plaintiff does not describe any actions that C.O. Paul took, or failed to take, that violated his constitutional rights. He fails to set forth any facts showing that C.O. Paul knew or should have known, before the attacks occurred, of a substantial risk of serious harm that the other inmates posed to Plaintiff, or that C.O. Paul acted recklessly in failing to reduce or eliminate the risk of harm. Plaintiff therefore fails state a claim that C.O. Paul was deliberately indifferent to a substantial risk to his safety. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**H.     Claims against NYPD Detectives**

Because Plaintiff names as Defendants NYPD Detectives Robert Bracero (Lieutenant), Douglas Macewen, Raymond McCann, Foy, O'Rourke, and Jeno Maldonado, and Plaintiff alleges that he was falsely accused of assaulting someone with a knife (ECF No. 2 at 62), the Court construes Plaintiff's complaint as asserting a false arrest claim against these NYPD Detectives.

A claim for false arrest under § 1983 looks to state law as a starting point to determine the elements of a claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017)

---

[4] For pretrial detainees, the standard articulated in *Darnell* applies to *all* types of deliberate indifference claims, including failure-to-protect claims. *Darnell*, 849 F.3d at 33 n.9 ("[D]eliberate indifference means the same thing for each type of claim under the Fourteenth Amendment.").

("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'");
*Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law
principles are meant simply to guide rather than to control the definition of § 1983 claims and
courts should not "mechanically apply" the law of New York State); *Boyd v. City of New York*,
336 F.3d 72, 75 (2d Cir. 2003).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the
defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement,
(3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise
privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it
is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The
existence of probable cause to arrest constitutes justification and is a complete defense to an
action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal
quotation marks omitted).

If "the facts known by the arresting officer at the time of the arrest objectively provided
probable cause to arrest," the arrest is privileged, and the plaintiff cannot state a claim for false
arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Officers have probable cause to arrest
when they have "knowledge or reasonably trustworthy information of facts and circumstances
that are sufficient to warrant a person of reasonable caution in the belief that the person to be
arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006).
"Probable cause can exist even where it is based on mistaken information, so long as the
arresting officer acted reasonably and in good faith in relying on that information." *Bernard v.
United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001)

(holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.").

Here, Plaintiff has not provided sufficient details to support his claims that he was falsely arrested. Plaintiff does not describe the date of the arrest or the circumstances leading to his arrest, and he does not state what charges were brought against him as a result of the arrest. He does not indicate the status of any subsequent criminal proceedings initiated against him or clarify whether and when the charges were dismissed.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Plaintiff's claims against the City of New York; the New York City Department of Correction; Justice A. Drysdale, of the New York County Supreme Court, Criminal Term; New York County District Attorney Alvin Bragg; Kings County District Attorney Eric Gonzalez; Richmond County District Attorney Michael McMahon; Queens County District Attorney Melinda Katz; Bronx County District Attorney Darcel Clark; New York County Assistant District Attorneys Amber Strickland, Francisco Zornesa, and Kathleen Coulson; the Legal Aid Society; Legal Aid Attorney John Geida; 18-B Attorney Theodore Herlich; Open Top Sightseeing USA, Inc.; Bellevue Hospital, which is part of the NYC Health + Hospitals network ("H+H"); Big Bus; Big Bus General Manager Charles Nolan;

Big Bus employee James P. Hoffman; Big Bus bus operator Sakuar Mason; Big Bus employee

Daniel Valladares; Big Bus ticket agent Frank Darko; Big Bus employee Johnny Morales; and

DOC detainees: Rafael Esquilin, Francisco Jimenez, Miguel Vega, Devan Fulton, Miguel

Delacruz, Bebe Osvaldo, Felix Rosario, Herbert Mercano, Amaido Zubidi, Antonio Aragon, John

Arizabal, Raymond Sally, Dayquan Wheeler, Joseph Tryeletti, Yasser Feliz Collado, Chavis

Chemar, Brandon Vines, Phillip Tomlinson, Kenrick Jones, Clinton Martin, Jayson Smith,

Tyshawn Ismael, Jamel Ingram, Michael Mims, and Keith McMulla cannot be cured with an

amendment.[5]

Because Plaintiff may be able to allege facts to state a false arrest claim against NYPD

Detectives Robert Bracero (Lieutenant), Douglas Macewen, Raymond McCann, Foy, O'Rourke,

and Jeno Maldonado, a failure to protect claim against C.O. Paul, and a Section 1983 claim

against the Bellevue Hospital employees, the Court grants Plaintiff sixty days' leave to file an

amended complaint that alleges federal claims against the NYPD Detectives, C.O. Paul, and the

Bellevue Hospital employees.

Accordingly, Plaintiff is granted leave to amend his complaint **solely** to provide facts that

state valid federal claims against the NYPD Detectives, C.O. Paul, and the Bellevue Hospital

employees. First, Plaintiff must name as the defendant(s) in the caption[6] and in the statement of

claim those individuals who were allegedly involved in the deprivation of his federal rights. If

---

[5] Plaintiff must not name as Defendants in his amended complaint any Defendants who
have been dismissed in this order. Should Plaintiff reassert claims against these Defendants in his
amended complaint, those claims will be summarily dismissed.

[6] The caption is located on the front page of the complaint. Each individual defendant
must be named in the caption. Plaintiff may attach additional pages if there is not enough space
to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all
defendants, he should write "see attached list" on the first page of the Amended Complaint. Any
defendants named in the caption must also be discussed in Plaintiff's statement of claim.

Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[7] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

---

[7] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.[8]

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court dismisses all claims Plaintiff seeks to assert against the City of New York; the New York City Department of Correction; Justice A. Drysdale, of the New York County Supreme Court, Criminal Term; New York County District Attorney Alvin Bragg; Kings County District Attorney Eric Gonzalez; Richmond County District Attorney Michael McMahon; Queens County District Attorney Melinda Katz; Bronx County District Attorney Darcel Clark; New York County Assistant District Attorneys Amber Strickland, Francisco Zornesa, and Kathleen Coulson; the Legal Aid Society; Legal Aid Attorney John Geida; 18-B Attorney Theodore Herlich; Open Top Sightseeing USA, Inc.; Bellevue Hospital, which is part of the NYC Health + Hospitals network ("H+H"); Big Bus; Big Bus General Manager Charles Nolan; Big Bus employee James P. Hoffman; Big Bus bus operator Sakuar Mason; Big Bus employee Daniel Valladares; Big Bus ticket agent Frank Darko; Big Bus employee Johnny Morales; and DOC

---

[8] Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently available **only** by telephone.

detainees: Rafael Esquilin, Francisco Jimenez, Miguel Vega, Devan Fulton, Miguel Delacruz, Bebe Osvaldo, Felix Rosario, Herbert Mercano, Amaido Zubidi, Antonio Aragon, John Arizabal, Raymond Sally, Dayquan Wheeler, Joseph Tryeletti, Yasser Feliz Collado, Chavis Chemar, Brandon Vines, Phillip Tomlinson, Kenrick Jones, Clinton Martin, Jayson Smith, Tyshawn Ismael, Jamel Ingram, Michael Mims, and Keith McMullan. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-6080 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is instructed to keep this action open on the docket until judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 20, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                  Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                Middle Initial                Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                        State                        Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name             Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                     State                 Zip Code

Defendant 2:

First Name             Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                     State                 Zip Code

Defendant 3:

First Name             Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                     State                 Zip Code

Defendant 4:

First Name             Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                     State                 Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                     Plaintiff's Signature

_____
First Name              Middle Initial    Last Name

_____
Prison Address

_____
County, City                      State              Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:   _____

# Notice For
# Pro Se Litigants



As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call 212-659-6190 and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.

